**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMES A. WESLEY, )  <br>     Plaintiff, ) <br> vs. ) <br> ) <br> SCOBEE FOODS, INC., ) <br> STEVE SCOBEE, SR., ) <br> ERNESTO VASQUEZ and ) <br> JERRY YOUNG ) <br>     Defendants. ) <br> ) | No. 3:12-CV-1836-K-BH <br><br><br><br><br><br><br><br> **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order 3-250, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendants Scobee Foods, Inc., Steve Scobee, Sr., Ernesto Vasquez, and Jerry Young's 12(b)(6) Motion to Dismiss*, filed September 6, 2012 (doc. 29). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED** as to Plaintiff's claims against Steve Scobee, Sr., Ernesto Vasquez, and Jerry Young. The motion to dismiss should also be **GRANTED** as to Plaintiff's claims against Scobee Foods, Inc., if he does not file an amended complaint within the allotted time, and **DENIED as moot** if he timely files an amended complaint.

**I. BACKGROUND**

James A. Wesley (Plaintiff) filed this action against his former employer, Scobee Foods, Inc. (Scobee Foods), and Steve Scobee, Sr. (Scobee) (Scobee Foods' president), Ernesto Vasquez (Vasquez), and Jerry Young (Young) (collectively Defendants). (*See* doc. 1.) His *pro se* complaint appears to allege discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Title VII). (*Id.*)

Plaintiff was hired by Scobee Foods to be a "cleanup man." (Docs. 25 at 1; 28 at 2.) He claims that his first year on the job, Scobee's son did not pay him for a week's vacation, and he filed a claim with the Texas Workforce Commission (TWC). (*Id*.) Plaintiff alleges that the son retaliated against him by giving him extra duties, e.g., loading and unloading trucks, baling cardboard, and handling trash from production. (*Id*.) Scobee also assigned him additional duties, such as cleaning drains and watching the ice to prevent Hispanic employees from stealing it.[1] (*Id*. at 2-3.)

While Plaintiff carried out his ice watching duties, the caterers called him racial epithets. (Doc. 26 at 4.) He complained to Scobee, but it kept happening "far and few." (*Id*.) Plaintiff also caught Vasquez, a fellow employee, selling seven "wheel buckets" of ice to a "non-regular" customer at the lower "regular" customer price. (*Id*. at 3.) Plaintiff reported Vasquez to Scobee, but Vasquez was not disciplined. (*Id*.) On another occasion, Vasquez refused to show Plaintiff an ice ticket before loading ice on a truck. (*Id*.) Plaintiff reported him to Scobee again; he simply instructed Vasquez to listen to Plaintiff about the ice. (*Id*.) Vasquez complained to Plaintiff that he was always "telling something" and asked him to fight. (*Id*.)

In June 2011, Scobee and an office employee named Richard held a meeting with Plaintiff, Vasquez, and another employee named Edwin. (*Id*. at 5.) Scobee asked Plaintiff to assist Vasquez when he needed help unloading trucks.[2] (*Id*.) A few days later, on June 15, 2011, Vasquez asked Plaintiff to unload three pallets for a Young, a trucker. (Doc. 28 at 3.) Plaintiff told him "No problem" and did the work. (*Id*.) Young wanted seven pallets back after Plaintiff finished, but the

---

[1] Plaintiff claims that 90 percent of Scobee Foods' employees are Hispanic. (Doc. 28 at 2.)

[2] Plaintiff claims that he knew "something was up" at the time of the meeting; on June 15, 2011 he learned that "what was up" was a plan to fire him and hire "Larry" in his place. (Doc. 26 at 5.)

request was inconsistent with prior instructions that Plaintiff should not return more pallets than he had unloaded to any trucker. (*Id.*) Vasquez reported to Scobee that Plaintiff and Young had a confrontation, during which Plaintiff allegedly cursed and threatened Young. (Docs. 11 at 3-4; 28 at 1.) Scobee terminated Plaintiff. (Doc. 11 at 4.)

Plaintiff denies that he cursed and threatened Young; he claims that Vasquez and Young gave false statements about the alleged confrontation on June 15, 2011 and August 22, 2011. (Docs. 11 at 3-4; 26 at 4.) He also claims that Scobee gave a false statement on August 22, 2011. (Doc. 11 at 3.) The false statements allegedly led to his termination and a denial of benefits from the TWC. (*Id.* at 3-4.) Plaintiff claims that he did not receive a verbal or written warning prior to his discharge, while other employees who engaged in misconduct did receive warnings. (Docs. 11 at 4; 26 at 4.) One Hispanic employee received two written warnings before she was discharged for stealing from the company. (Doc. 11 at 4.) Another Hispanic employee named "Falco" received a written warning but was not fired. (Doc. 26 at 3.) Finally, Plaintiff claims that Vasquez stole ice and was never disciplined at all. (*Id.* at 3.)

Plaintiff initiated a complaint with the Equal Employment Opportunity Commission (EEOC) on September 19, 2011. (Doc. 11 at 1.) On January 31, 2012, the EEOC wrote to Plaintiff and enclosed a charge of discrimination for his review and signature. (*Id.* at 7, 9-10.) The charge alleged discrimination based on race and retaliation. (*Id.* at 7.) He complained that Vasquez and Young gave false statements, and that he was fired and refused unemployment benefits as a result . (*Id.*) The charge further alleged that he had "been discriminated against because of my race Black [sic] and for my participation in protected activities." (*Id.*) Plaintiff signed the charge and returned it to the EEOC on March 9, 2012. (*Id.* at 7.) The EEOC dismissed his complaint and issued a right

3

to sue letter on March 15, 2012. (*Id*. at 8.)

On June 13, 2012, Plaintiff filed this lawsuit. (*See* docs. 1; 11.) He amended his complaint via his answers to a court questionnaire on July 6, 2012.[3] (*See* docs. 20; 22.) On August 2, 2012, Defendants moved to dismiss Plaintiff's complaint, as amended. (*See* docs. 20; 22.) On August 20, 2012, Plaintiff filed an amended complaint and a response[4] to Defendant's motion. (*See* docs. 25; 26; 28.) Defendants filed a motion to dismiss Plaintiff's amended complaint on September 6, 2012. (*See* docs. 29-30.) Plaintiff responded (doc. 34), and the motion is now ripe for consideration.

## II. MOTION TO DISMISS

**A.    Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[5] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se*

---

[3] The court questionnaire was sent during the judicial screening process for *in forma pauperis* cases, as provided by 28 U.S.C. § 1915(e)(2), in order to obtain more information about his claims. (*See* docs. 9, 11.) His responses constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Bage No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[4] In his response to Defendants' initial motion, Plaintiff includes additional factual allegations about his complaint with TWC regarding his vacation pay as well as Vasquez's possible motive for lying about the incident involving Young. (Doc. 26 at 2-3.) He also alleged that while watching the ice, he was called names by the caterers and he reported it to Scobee, Sr., but "it kept happening far and few." (*Id*. at 4.) Plaintiff also alleged that Hispanic employees received written warnings for their misconduct, but that he did not, and that one of the employees who received a writeup still worked for Scobee. (*Id*.) Plaintiff's response includes additional allegations about a meeting that took place a few days prior to his discharge. (*Id*. at 5.)

[5] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 680.

5

**B.  Individual Defendants**

The individual defendants contend that dismissal of Plaintiff's claims against them is proper under 12(b)(6) because Title VII does not allow them to be held individually liable. (Doc. 30 at 3-4.)

Title VII imposes liability upon employers who violate its provisions. *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Congress defined the term "employer" in Title VII to include "any agent" of an employer in order to incorporate *respondeat superior* liability. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citing 42 U.S.C.§ 2000e(b)). Title VII actions may therefore be brought against the "employer" or a supervisor or agent of the employer in his official capacity. *Lewis v. Hardy*, 248 F. App'x 589, 592-93 (5th Cir. 2007) (per curiam) (citing *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998)); *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2000 WL 34226872, at *2 (N.D. Tex. July 14, 2000) (Title VII liability extends only to employers and defendants in their official capacities). A Title VII suit against an agent of an employer in an official capacity is actually a suit against the employer. *Indest*, 164 F.3d at 262. Because the employer ultimately bears responsibility for the liability of an agent through Title VII's incorporation of *respondeat superior* liability, an action against both the employer and the agent would be redundant in that the employer could be held liable twice for the same act. *Id*. A plaintiff may therefore not maintain a Title VII suit against both an employer and its agent. *Id*. Regardless of whether a plaintiff sues an agent in an official or individual capacity, Title VII does not provide

for individual liability against the agent. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

Here, Plaintiff asserts Title VII claims individually against Scobee (Scobee Foods' president), Vasquez (a co-worker), and Young (a truck driver). (Docs. 11 at 3; 25 at 1; 28 at 1.) Because Scobee and Vasquez are agents of his employer, the Title VII claims against them are not cognizable under Fifth Circuit law. Plaintiff also fails to state an actionable Title VII claim against Young, who is not alleged to be Plaintiff's employer. Accordingly, Plaintiff's Title VII claims against the individual defendants should be **DISMISSED** for failure to state a claim upon which relief can be granted.

**C.      Race Discrimination**

Scobee Foods moves to dismiss Plaintiff's claim for race-based discrimination under Title VII on grounds that his amended complaint alleges no facts showing that he was treated less favorably than other similarly situated employees outside his protected class. (Doc. 30 at 5.)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Generally, a plaintiff must establish a *prima facie* case of discrimination by showing that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) suffered an adverse employment action; and (4) was treated less favorably than other similarly situated employees outside the protected group.[6]

---

[6] While a plaintiff need not plead a *prima facie* case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from his obligation to allege sufficient facts to state all the elements of his claim. *See Puente v. Ridge*, 324 F. App'x, 423, 428 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of his race. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam). Instead, the alleged facts must also be sufficient to at least create an inference that the plaintiff was discriminated against due to his race. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006); *Montgomery v. Med Assets*, No. 3:10-CV-0141-L, 2010 WL 2540819, at *3 (N.D. Tex. June 22, 2010).

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). To satisfy the final element, a plaintiff must show "that the employer gave preferential treatment to another employee under nearly identical circumstances." *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 984197, at *2 (N.D. Tex. Apr. 13, 2006) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)). A plaintiff does so by demonstrating that "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Dotson v. Gulf*, Civ. A. No. H-05-0106, 2006 WL 44071, at *7 (S.D. Tex. Jan. 9, 2006) ("employees with different responsibilities, different supervisors, different capabilities, different work rule violations, or different disciplinary records are not considered to be 'nearly identical'") (citing *Okoye*, 245 F.3d at 514-15).

Here, Plaintiff alleges that a Hispanic employee was written up twice before she was fired for stealing money from the company. (Docs. 11 at 4; 26 at 4.) Plaintiff further claims that he reported Vasquez for stealing ice and that Vasquez was not disciplined at all. (Doc. 26 at 3.) He has not alleged violations that are "nearly identical" to the one for which he was terminated, i.e., threats and verbal abuse toward a business guest on company property.[7] Moreover, Plaintiff does not allege that the alleged comparators had the same job duties, shared the same supervisor or had their employment status determined by the same individual. *See Lee*, 574 F.3d at 260; *Dotson*, 2006 WL 44071, at *7. The factual allegations are insufficient to demonstrate that a similarly situated

---

[7] Plaintiff also claimed that another Hispanic employee, Falco, received a written warning for misconduct but was not fired. (Doc. 26 at 4.) However, he did not identify the type of misconduct involved, nor did he specify whether he and Falco had the same job duties, shared the same supervisor, or had their employment status decided by the same person. (*Id.*)

8

employee outside his protected class was treated more favorably than he was in nearly identical circumstances. *Okoye*, 245 F.3d at 512; *Jones*, 2006 WL 984197, at *2. As a result, Plaintiff's allegations are not sufficient to create an inference that he was discriminated against based on his race. *See also Garcia v. Garland Indep. Sch. Dist.*, No. 3:11-CV-0502-N-BK, 2011 WL 7473474, at *5 (N.D. Tex. Sept. 26, 2011) (recommending dismissal for failure to state a claim where plaintiff failed to allege that she was treated less favorably than other employees under the same situations she allegedly confronted), *adopted by* 2012 WL 779659 (Mar. 9 2012). Plaintiff's race-based discrimination claim under Title VII should therefore be **DISMISSED** under Rule 12(b)(6) for failure to state a claim.

**D.    Hostile Work Environment**[8]

Scobee Foods also moves to dismiss any purported hostile work environment claim for failure to state a claim. (Doc. 30 at 6.) It contends that the individuals who allegedly harassed Plaintiff were caterers, e.g., persons unaffiliated with Scobee Foods who were not under its control. (*Id.*)

Harassment is actionable under Title VII only when "it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (internal quotation marks omitted). Generally, a plaintiff must establish a *prima facie* case of harassment or hostile work environment by showing that (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the

---

[8] Scobee Foods's brief states that Plaintiff's allegations in his pleadings could be construed as raising a hostile work environment claim, i.e., that he was subjected to race-based comments while carrying out his "ice watching" duties, that he complained to Scobee, and that the conduct continued despite his complaints. (Doc. 30 at 5.) These allegations appear in Plaintiff's *response* to Defendants' *first* motion to dismiss, not in either of his amended complaints. (Doc. 26 at 4.)

9

harassment was based on race or other protected characteristic; and (4) the harassment affected a term, condition, or privilege of employment. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Parker v. State of La. Dep't of Educ. Special Sch. Dist.*, 323 F. App'x 321, 325 (5th Cir. 2009) (per curiam).

When the alleged harasser is not a supervisor, the *prima facie* case also normally requires that "the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Celestine*, 266 F.3d at 353. The same standard has been held applicable to cases involving harassment by a non-employee. *Frank v. Harris Cnty.*, 118 F. App'x 799, 803 (5th Cir. 2004) ("This Circuit has recognized that employers may be liable under Title VII for the conduct of non-employees in the workplace when the employer knows of the harassment but fails to act.") (in the sexual harassment context); *Murdock v. City of Houston*, No. 4:10-CV-00056, 2011 WL 7109286, at *8 (S.D. Tex. Sept. 21, 2011); *Wiltz v. Christus Hosp. St. Mary*, No. 1:09-CV-925, 2011 WL 1576932, at *11 n. 29 (E.D. Tex. Mar. 10, 2011) (in the racial harassment context), *adopted by* 2011 WL 1576929 (Apr. 25, 2011); *Newsome v. Collin Cnty. Cmty. Coll. Dist.*, No. 4:04CV265, 2005 WL 1683985, at *4 (E.D. Tex. July 19, 2005), *adopted in relevant part by* 2005 WL 1875661 (Aug. 5, 2005).

Here, the amended complaint includes no factual allegations to support a racial harassment claim against Scobee Foods. Plaintiff alleges only that he was discriminated against and that Scobee Foods made a false statement against him which resulted in the denial of unemployment benefits. (*See* docs. 11; 25; 28.) Accordingly, Plaintiff's allegations are insufficient to create a plausible basis for inferring that he was subjected to a hostile work environment at Scobee Foods. *Twombly*,

550 U.S. at 570; *Iqbal*, 556 U.S. at 678, 680; *Montgomery v. Med Assets*, No. 3:10-CV-0141-L, 2010 WL 2540819, at *3 (N.D. Tex. June 22, 2010). Therefore, to the extent that Plaintiff's amended complaint can be liberally construed to allege a hostile environment claim under Title VII, the claim should be **DISMISSED** under Rule 12(b)(6) for failure to state a claim.[9]

**E.     Retaliation**

Scobee Foods further contends that Plaintiff has failed to state a retaliation claim because he fails to allege that he was terminated for engaging in protected activity. (*Id*.) (Doc. 30 at 5-6.)

"Title VII . . . prohibit[s] discrimination against employees who have opposed an unlawful employment practice, or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment practices statute." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 162 (5th Cir. 2008) (per curiam) (citing 42 U.S.C. § 2000e-3(a)). To establish a *prima facie* case, a plaintiff must show that (1) he participated in protected activity; (2) his employer took an adverse employment action against him; and (3) a causal connection existed between his protected activity and the adverse employment action. *See id.*; *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

"Protected activity is opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing

---

[9] A Title VII claimant may only bring claims for "discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation during the pendency of the case before the [EEOC]." *Nat'l Ass'n of Gov't. Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Here, Plaintiff's EEOC charge did not complain of a hostile work environment, but only of his termination and subsequent denial of unemployment benefits. The factual development of that charge before the EEOC could not reasonably be expected to uncover evidence supporting a hostile environment claim predicated on an entirely different set of events. *See Hayes v. MBNA Tech., Inc.*, No. 3:03-CV-1766-D, 2004 WL 1283965, at *7 (N.D. Tex. June 9, 2004) (finding that Plaintiff's race-based hostile work environment claim was not "like or related to" EEOC charge alleging race-based disparate treatment). Any asserted hostile work environment claim is also subject to dismissal on this basis.

under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2000) (citation omitted); *see also* 42 U.S.C. § 2000e-3(a). Therefore, if the conduct complained of by a plaintiff had nothing to do with race, color, religion, sex or national origin, he cannot maintain a retaliation claim under Title VII. *See Arora*, 294 F. App'x at 162 (finding no protected activity where the complained of activity did not involve an employee being treated unfairly due to race or sex); *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 346-47 (5th Cir. 2008) (per curiam) (no protected activity where plaintiff failed to show opposition to a violation of Title VII).

Plaintiff only makes conclusory allegations that he was retaliated against for participating in protected activities. (Docs. 11 at 7; 25 at 1; 28 at 2.) While Plaintiff appears to allege that he filed a complaint with the TWC based on Scobee Foods's failure to pay him for vacation, he does not allege any facts that show his complaint about vacation pay was based on an unlawful practice under Title VII. (Doc. 28 at 2.) As a result, Plaintiff's allegations are not sufficient to create a plausible inference that he was subjected to an adverse employment action because he participated in a protected activity. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678, 680; *Montgomery*, 2010 WL 2540819, at *3. His retaliation claim under Title VII should therefore be **DISMISSED** under Rule 12(b)(6) for failure to state a claim.

### III. OPPORTUNITY TO AMEND

"'Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (per curiam) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being

12

specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (per curiam) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam).

Here, Plaintiff first amended his complaint through his answers to a court questionnaire. He again amended his complaint after Defendants filed an earlier motion to dismiss pointing out the same pleading deficiencies as the current motion. His response to the earlier motion included additional factual allegations that may support a plausible inference of race-based discrimination, e.g., his reference to how Scobee Foods "Falco" receiving only a written warning for undescribed workplace misconduct. (*See* doc. 26.) It therefore appears that Plaintiff has not pled his best case, and he should be accorded a final opportunity to amend his complaint to sufficiently state a claim for relief.

## IV. RECOMMENDATION

Plaintiff's claims against individual defendants Scobee, Vasquez, and Young should be **DISMISSED** with prejudice for failure to state a claim. If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days for objections to this recommendation, or a deadline otherwise set by the Court, Scobee Foods' motion to dismiss should be **GRANTED** and Plaintiff's claims against it should be **DISMISSED** with prejudice. If Plaintiff timely files an amended complaint, however, Scobee Foods' motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED**, this 24th day of May, 2013.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14